**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Alfredo MACIAS–LLAMAS, aka**
**Alfredo Llamas–Macias,**
**Defendant—Appellant.**

**No. 05–50766.**

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 16, 2006.*

Filed Oct. 20, 2006.

Fed. R.App. P. 34(a)(2).

Becky S. Walker, Esq., USLA–Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, Donald F. Gaffney, USSA–Office of the U.S. Attorney, Santa Ana, CA, for Plaintiff–Appellee.

Michael Schafler, Esq., FPDCA–Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: T.G. NELSON, W. FLETCHER, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Alfredo Macias–Llamas appeals from his conviction and 36–month sentence imposed

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

following a guilty plea to being an illegal alien found in the United States after having been deported, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ Macias–Llamas contends that following *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), the district court's admission of a Certificate of Non–Existence of Records and a Departure Verification violated his Sixth Amendment right to confrontation. Because neither of these documents is testimonial in nature, their admission did not violate the Confrontation Clause. *See United States v. Cervantes–Flores*, 421 F.3d 825, 834 (9th Cir.2005), *cert. denied*, —— U.S. ——, 126 S.Ct. 1911, 164 L.Ed.2d 668 (2006); *United States v. Bahena–Cardenas*, 411 F.3d 1067, 1074–75 (9th Cir.2005), *cert. denied*, —— U.S. ——, 126 S.Ct. 1652, 164 L.Ed.2d 398 (2006). The district court's admission of these documents was thus proper.

■ Macias–Llamas next contends that the district court erred in sentencing him pursuant to 8 U.S.C. § 1326(b)(2) to more than the two-year statutory maximum set forth in § 1326(a), and that in light of subsequent Supreme Court decisions, *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), is not binding precedent. These contentions are foreclosed. *See United States v. Beng–Salazar*, 452 F.3d 1088, 1091 (9th Cir.2006); *United States v. Weiland*, 420 F.3d 1062, 1079 n. 16 (9th Cir. 2005).

■ Macias–Llamas' contention that the reporting condition of his supervised release violates his Fifth Amendment rights is also foreclosed. *See United States v. Rodriguez–Rodriguez*, 441 F.3d 767, 772–73 (9th Cir.2006).

■ Macias–Llamas further contends that following *United States v. Stephens*, 424 F.3d 876 (9th Cir.2005), the district court plainly erred in requiring him to submit to drug and alcohol testing "as instructed by the probation officer." We disagree. The record indicates that the district court properly established the maximum number of drug tests to which Macias–Llamas would be subjected. *See Stephens*, 424 F.3d at 882. Accordingly, no error occurred.

■ Finally, Macias–Llamas contends that the 36–month sentence he received is unreasonable in that it is greater than necessary and does not avoid an unwarranted sentence disparity. Specifically, Macias–Llamas contends that the district court failed to properly consider that at his initial court appearance the government had offered Macias–Llamas a "fast-track" disposition which he rejected. This contention is without merit. The district court properly calculated the advisory Guidelines range, considered and rejected Macias–Llamas' contentions regarding fast-track dispositions and sentencing disparity, weighed the 18 U.S.C. § 3553(a) sentencing factors, and imposed a sentence five months below the Guidelines range. We thus conclude that Macias–Llamas' sentence is not unreasonable. *See United States v. Marcial–Santiago*, 447 F.3d 715, 717–19 (9th Cir.2006); *United States v. Banuelos–Rodriguez*, 215 F.3d 969, 974 (9th Cir.2000) (en banc).

**AFFIRMED.**